UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOLLY STEWART,<br><br>          Plaintiff,<br><br>  v.<br><br>MICHAEL J, ASTURE,<br><br>          Defendant. | Case No.: C 05-2317 PVT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)** |

On September 11, 2009, Plaintiff filed a Motion for Award of Attorney's Fees Under 42 U.S.C. § 406(b).[1] Defendant opposed the motion in part. Both parties have consented to Magistrate Judge jurisdiction. Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED. Plaintiff's counsel is awarded $16,192.00, of which he shall promptly reimburse Plaintiff $4,426.11.

Plaintiff brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). This court granted Plaintiff's motion for summary judgment and remanded the case to the Commissioner for further findings. On remand, the ALJ issued a favorable decision and awarded Plaintiff a gross total of $64,768.00 in retroactive benefits

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

for her and her auxiliary beneficiary. The Social Security Administration withheld 25% ($16,192.00) of the past due benefits to cover potential attorneys fees. Plaintiff's counsel seeks an attorneys fee award of $16,192.00, and he acknowledges that pursuant to the statutory offset provision he must reimburse Plaintiff the amount he previously received in EAJA fees, $4,426.11 (or the lesser of the two fee awards under EAJA and 42 U.S.C. section 406(b)(1)(A)).

Under Section 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The court acts as "an independent check" to assure that contingency fee agreements between Social Security claimants and their attorneys will "yield reasonable results in particular cases." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining the amount of fees to award counsel, the court must determine whether the fees sought by counsel from his client are within the statutory limit, are consistent with the fee agreement, and are reasonable in amount.

In looking at whether attorneys fees are reasonable for an attorney's court representation of a Social Security claimant in a particular case, the court must naturally consider entire fee attributable to the court case. Here, Plaintiff's counsel previously received EAJA fees in the amount of $4,426.11. That amount must be added to his net recovery of $11,765.89 ($16,192.00 less the $4,426.11 he must reimburse Plaintiff) he will receive from the present award in order to adequately evaluate the reasonableness of his overall fee for this court case. Plaintiff's counsel's suggestion that the court should base its reasonableness determination on just $11,765.89 of the award ignores the reality of how much money he will actually have received for the court case.

Nonetheless, even basing the reasonableness determination on the entire $16,192.00, the court finds the fee reasonable. As Plaintiff's counsel points out, there was a significant risk of loss associated with this case. And the award was not so large as to render an award of 25% unreasonable. By way of comparison only, the requested fee award corresponds to an hourly rate of approximately $600 per hour, which is not entirely out of line with non-contingency fees for attorneys in the San Francisco bay area with Plaintiff's counsel's level of experience. Moreover, by

their very nature, contingency fees are designed to account for the fact that the contingency fee lawyer performs much work for *no* compensation on unsuccessful cases.

Dated: *March 15, 2010*

                                                PATRICIA V. TRUMBULL
                                                United States Magistrate Judge